JOURNAL ENTRY AND OPINION
Defendant-appellant Fred Haynes appeals from the judgment entered pursuant to the jury verdict finding him guilty of possession of drugs (R.C. 2925.11) and possessing criminal tools (R.C. 2923.24). Defendant challenges the court's denial of the pre-trial joint suppression motion filed by defendant and his co-defendant, the court's denial of an incamera inspection of the police report, and the sufficiency of the evidence with regard to his conviction for possession of drugs. For the reasons that follow, we affirm.
Defendant was indicted along with co-defendant Alexander Alicea. The defendants filed a joint suppression motion on September 22, 2000. After hearing evidence, the court denied the motion to suppress and trial commenced against the defendants on November 3, 2000. The jury found both defendants guilty of possession of drugs and possession of criminal tools.
We have previously set forth the facts of this case in connection with the co-defendant's appeal and accordingly adopt the facts as detailed in State v. Alicea (Oct. 18, 2001), Cuyahoga App. No. 78940.
We will address defendant's assignments of error in the order presented.
I. THE COURT ERRED IN DENYING THE APPELLANT'S MOTION TO SUPPRESS.
In this assignment of error, defendant contends that the trial court erred in denying the joint suppression motion on the grounds that the officers lacked the requisite reasonable suspicion to justify an investigative stop. We have previously addressed this issue in connection with the co-defendants appeal. See Alicea, supra. In this case, the officers stopped a vehicle driven by the co-defendant and occupied by the defendant as a passenger. Therefore, this assignment of error necessitates an examination of the exact same factual circumstances that we reviewed in Alicea. The legal and factual anaylsis supporting our finding in Alicea that the officers possessed reasonable suspicion to justify the investigative stop and probable cause to search the subject vehicle is incorporated here. This assignment of error is overruled.
 II. THE TRIAL COURT ERRED BY FAILING TO GRANT APPELLANT'S 16(B) MOTION.
Defendant relies upon Crim.R. 16(B)(1)(g) in arguing that the trial court erred in failing to conduct an in-camera inspection of a police report. Crim.R. (16)(B)(1)(g), in pertinent part, provides:
 In camera inspection of witness' statement. Upon completion of a witness' direct examination at trial, the court on motion of the defendant shall conduct an in camera inspection of the witness' written or recorded statement with the defense attorney and prosecuting attorney present and participating, to determine the existence of inconsistencies, if any, between the testimony of such witness and the prior statement.
The balance of that provision provides that if the court finds inconsistencies, the defense counsel shall be given the statement for use on cross-examination. If no inconsistencies exist in the statement, the defense counsel shall not be given the statement and is precluded from commenting or conducting cross-examination on the statement. Where the defense counsel does not receive the statement, the statute provides that "it shall be preserved in the records of the court to be made available to the appellate court in the event of an appeal." Id.
The record presented to us on appeal does not contain a copy of the police report at issue.[1] Since the report is not before the court, there is an absence of any showing of actual prejudice beyond the defendant's speculative conjecture. See State v. Jenkins (1984),15 Ohio St.3d 164, 226, citing Cleveland v. Austin (1978),55 Ohio App.2d 215, 223-225 [9 O.O.3d 368]; (other citation omitted). Accordingly, this assignment of error must be overruled for failure to comply with the last paragraph of Crim.R. 16(B)(1)(g). Id.
III. THE APPELLANT DID NOT POSSESS A CONTROLLED SUBSTANCE.
Under this assignment of error, defendant argues that the State failed to present sufficient evidence to establish that he possessed a controlled substance. We have previously visited this issue under these identical circumstances when we addressed the co-defendant's argument on appeal wherein he argued that the trial court should have granted the defendants' motion for acquittal. Alicea, supra. The sole distinction here is that defendant was the passenger of the vehicle while the co-defendant was the driver.
The undisputed facts establish that the officers located the crumbs of cocaine on the floor between the driver and passenger sides of the vehicle. Logic only dictates then that both the defendant (the passenger) and his co-defendant (the driver) were in equal distance or proximity to the cocaine. Therefore, we find the only distinction between the defendant and co-defendant's cases on this issue to be a distinction without a difference. We reiterate our previous finding in Alicea that "the state's evidence has constituted sufficient circumstantial evidence to establish [the defendant's] proximity to crack cocaine and hence establishes his constructive possession of the drug." Our reasoning in support of this finding, as set forth in Alicea, applies and is adopted here. This assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, P.J., and FRANK D. CELEBREZZE, JR., J., CONCUR.
[1] Likewise, the record from the co-defendant's appeal (C.A. 78940) does not contain the subject report.